**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES R. ALDRIDGE, SR.; MARGARET
ALDRIDGE; HARRY W. ATKINSON;
LOIS V. ATKINSON; WESLEY B.
BARTLETT; ANNA M. BARTLETT;
LEONARD BEARD, SR.; THERESA BEARD;
CARROLL E. BROADWATER; MARLENE
BROADWATER; THOMAS HENRY BROWN;
BETTY LOU BROWN; ESTON C. CHAMP;
ELSIE CHAMP; PAUL H. CORDIAL;
EARLENE L. CORDIAL; STANLEY W.
CORLEY; C. LOUISE CORLEY;
DONALD A. D'ATRI; SHIRLEY D'ATRI;
RICHARD H. GLASS; JEAN C. GLASS;
RAYMOND L. HAINES; MARY CATHERINE
HAINES; ERNEST M. HOLT;
ANNA MYRTLE HOLT; JUNIOR A. HOTT;

ROXALYN HOTT; ROBERT C. HUFFMAN;                              No. 97-1522
CAROL G. HUFFMAN; ROBERT M. ISER;
WANDA L. ISER; DONALD JOHNSON;
MARY ELLEN JOHNSON; DONALD LARKE;
JUDY LARKE; IRVIN E. LOWERY; ADA L.
LOWERY; WILLIAM R. MCCOY;
LOUISE T. MCCOY; GEORGE V.
MCKENZIE; DOROTHY E. MCKENZIE;
WILLIAM J. MCKENZIE; MARTHA
MCKENZIE; JAMES B. MILLS;
ANN LOUISE MILLS; ROBERT MITTER;
MARY LOUISE MITTER; JOHN E.
MONAHAN; M. CAROLYN MONAHAN;
RUSSELL C. MORGAN; LOUISE MORGAN;
ARTHUR L. NEDER; JUNE E. NEDER;
EDITH G. NORRIS, individually and in

her capacity as personal representative of the estate of the deceased, David P. Norris; JACK E. RITCHEY; HELEN J. RITCHEY; PAUL A. SHOOK; GENEVIEVE E. SHOOK; GERALD D. SIMMONS; BARBARA SIMMONS; WILLIAM R. SPENCER; ELVA P. SPENCER; JOSEPH R. TAYLOR; ANNA K. TAYLOR; RICHARD F. WEESE; HAZEL M. WEESE; RAYMOND E. VINCI; SHIRLEY R. VINCI; EARL A. WINTERS; BETTY M. WINTERS; WILLIAM P. ZIMMERMAN; PHYLLIS ZIMMERMAN; ROBERT W. HAISLIP; NELLIE MAE MILLER; BARBARA A. FRIDINGER, in her capacity as personal representative of the estate of the deceased, Percy R. Miller; RONALD E. PORTER; RUTH M. DAY; PHYLLIS R. FROST, in her capacity as personal representative of the estate of Frank C. Day, deceased; MARY S. LANGHAM, individually and in her capacity as personal representative of the estate of George E. Langham, deceased; ELMER L. KROLL; DORIS R. KROLL; PRISCILLA TETER, individually and in her capacity as personal representative of the deceased, Brook Teter; MURIEL R. SCHRAMM, individually and in her capacity as personal representative of the estate of Alvin C. Schramm; JESSIE SIMMONS, individually and in her capacity as personal representative of the estate of the deceased, Leonard T. Simmons; KATHLEEN S. SIRBAUGH, in her capacity

2

as personal representative of the estate of Arlan Eugene Sirbaugh, deceased; JACOB LOAR; SARAH J. LOAR; HARRY F. PIPER; GENEVIEVE PIPER; LEROY ROBERTSON; ETHEL H. ROBERTSON; ALBERT D. STEWART; BETTY STEWART; LOIS SCHADT; MILFORD G. WILSON; DOROTHY M. WILSON; EVELYN V. BUSER, individually and in her capacity as personal representative of the estate of Theodore U. Buser, deceased; VIOLET G. GRAY, individually and in her capacity as personal representative of the estate of Richard R. Gray, deceased; YOLAND T. TACCINO; THOMAS RODGER TACCINO, personal representative of the estate of Edmund Joseph Taccino, deceased; ANNA M. COLE, personal representative of the estate of Charles B. Cole, deceased; MARY KATHLEEN JENKINS, individually and in her capacity as personal representative of the estate of Richard Toll Jenkins, deceased; JEREMY EDWARD, surviving minor grandchild of Richard Toll Jenkins, deceased to the use of Mary Kathleen Jenkins, surviving spouse of Richard Toll Jenkins, deceased; DONALD J. FOLK; ARTHUR C. TICHNELL; CARRIE A. TICHNELL; WANEDA C. BRIDGES, individually and in her capacity as personal representative of the estate of Nevin H. Bridges, deceased;

3

GILBERT L. ZIMMERMAN; REBECCA
ZIMMERMAN; LEROY E. GROSS;
CAROL M. GROSS; LEONARD D. WHITE;
GLADYS FAY WHITE; EUGENE L.
ZIMMERMAN, JR.; PHYLLIS M.
ZIMMERMAN; WEBSTER BRUCE LONG, III;
LEONA PHARES LONG; LOUIS E. SCHADT,
JR.,
Plaintiffs-Appellants,
and

DAVID P. NORRIS; PERCY MILLER,
Plaintiffs,

v.

GOODYEAR TIRE & RUBBER CO., an
Ohio Corporation,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-90-140-H, CA-90-141-S, CA-90-142-K, CA-90-143-HAR,
CA-90-145, CA-90-146, CA-90-147-S, CA-90-148-HAR,
CA-90-149-MJG, CA-90-150, CA-90-151-MJG, CA-90-152-H,
CA-90-153-S, CA-90-154-S, CA-90-155-HAR, CA-90-156-MJG,
CA-90-157, CA-90-158-S, CA-90-159-S, CA-90-160-HAR,
CA-90-161-HAR, CA-90-162-S, CA-90-163, CA-90-164-H,
CA-90-165-S, CA-90-166-K, CA-90-167-HAR, CA-90-168-MJG,
CA-90-169, CA-90-170, CA-90-171-S, CA-90-172-HAR,
CA-90-173-MJG, CA-90-174, CA-90-175-S, CA-90-176-H,
CA-90-177-S, CA-90-178-K, CA-90-179-MJG, CA-90-180-MJG,
CA-90-181-S, CA-90-182-K, CA-90-809, CA-90-887-MJG,
CA-90-2331-WN, CA-90-2339-WN, CA-91-953-HAR,
CA-91-3369, CA-91-3370, CA-91-3371, CA-91-3372, CA-91-3373,
CA-91-3374, CA-91-3375, CA-91-3376, CA-91-3377, CA-91-3378,
CA-91-3379, CA-92-3679, CA-92-3680, CA-92-3681, CA-92-3682,
CA-95-1910-MJG, CA-95-1988, CA-95-1989, CA-95-1990)

4

Argued: March 4, 1998

Decided: May 11, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
HILTON, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Guerdon Macy Nelson, LAW OFFICE OF G. MACY
NELSON, Towson, Maryland, for Appellants. Kenneth C. Bass, III,
VENABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washing-
ton, D.C., for Appellee. **ON BRIEF:** James K. Archibald, VEN-
ABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kelly-Springfield Tire Company (Kelly) operated a tire factory in
Cumberland, Maryland, from the time of its incorporation in 1935
until 1987. Kelly was a wholly owned subsidiary of defendant-
appellee, Goodyear Tire & Rubber Company (Goodyear). Goodyear
has acknowledged that while Kelly's Cumberland plant was in opera-
tion, Kelly operated as an autonomous, separate entity from Good-
year. For example, Kelly maintained its own bank accounts and

5

books, Kelly's own officers ran the company, and Kelly negotiated a separate labor contract with the United Rubber Workers. Over the years, however, Goodyear did sell Kelly certain chemicals for use at the Cumberland plant, and Goodyear also provided Kelly with assistance and advice on workplace health and safety, including the handling of toxic chemicals.

The plaintiffs (appellants) in this case against Goodyear are former Kelly employees who worked at the Cumberland plant at various times between 1940 and 1987. They allege that they developed various diseases from contact with chemicals used at the plant. Their claims against Goodyear include a claim (under the Restatement (Second) of Torts § 324A) that Goodyear was negligent in advising Kelly with respect to the handling of those chemicals.

The plaintiffs here are the third group to sue Goodyear on these claims. The first group of Kelly employees filed an action against Goodyear in 1980 in the District of Maryland, with Judge Miller presiding. Goodyear moved to dismiss, arguing that public policy encouraged a parent company to share information with its subsidiary. Judge Miller held that, notwithstanding the public policy consideration, "parent corporations cannot expect to receive the benefits of the corporate veil without subjecting themselves to liability in tort for their own negligent conduct." See Heinrich v. Goodyear Tire & Rubber Co., 532 F. Supp. 1348, 1356 (D. Md. 1982). Because Goodyear was a separate legal entity from Kelly, Judge Miller permitted the Kelly employees to pursue their claims against Goodyear for its independent negligence. This first case later settled.

A second group of former Kelly employees sued Goodyear in 1987 in the District of Maryland on the same theories, and this time the case went to Judge Smalkin. Judge Smalkin concluded that the employees had failed to forecast sufficient evidence to establish that Goodyear's actions caused their injuries, and he granted summary judgment to Goodyear. See McClelland v. Goodyear Tire & Rubber Co., 735 F. Supp. 172 (D. Md. 1990). In dicta Judge Smalkin suggested that the claims against Goodyear would have been barred by Maryland's workers' compensation law, which grants employers immunity from tort suits by employees. Judge Smalkin believed that "Goodyear was acting as plaintiffs' employer, not as an outsider who

6

assumed extra duties, when it performed the traditional employer's tasks associated with workplace safety and health in its `captive plant.'" Id. at 175 (citation omitted).

Finally, in 1990 a third group of plaintiffs filed this action in the District of Maryland making the same claims, including the claim under § 324A of the Restatement. After the case was transferred to the District of Pennsylvania and transferred back to Maryland, it was assigned to Judge Smalkin. In granting summary judgment to Goodyear on March 5, 1997, Judge Smalkin followed his earlier dicta in McClelland and said that Goodyear and Kelly "were essentially indistinguishable in terms of real management and control of matters pertaining to chemical usage and industrial hygiene within the [Kelly] plant." Aldridge v. Goodyear Tire & Rubber Co., Civ. No. H90-140, slip op. at 7 (D. Md. Mar. 5, 1997). As a result, Goodyear (as Kelly's parent) could be regarded as an employer of the Kelly employees. Since Maryland workers' compensation law immunizes employers from tort liability against their employees, Judge Smalkin held that Goodyear was immune from liability to the plaintiffs in this action. See id. at 9-10.

Shortly after the plaintiffs appealed Judge Smalkin's summary judgment order, the Court of Appeals of Maryland considered the issue of when a parent corporation is entitled to immunity from tort suits by the injured employees of its subsidiary. See Great Atlantic & Pacific Tea Co. v. Imbraguglio, 697 A.2d 885 (Md. 1997). In Imbraguglio the Court of Appeals of Maryland explicitly rejected the dicta in McClelland. See id. at 895-96. The Maryland court held that "[i]mmunity will flow to the parent [only] to the extent that it functions as the injured employee's employer." Id. at 896. The court said that the established five-factor test used to determine whether there is an "employer/employee relationship" also determines whether a parent company functions as the employer of its subsidiary's employees. The five factors include:

> (1) the power to select and hire the employee, (2) the payment of wages, (3) the power to discharge, (4) the power to control the employee's conduct, and (5) whether the work is part of the regular business of the employer.

7

Id. at 893-94 (quoting <u>Whitehead v. Safway Steel Products</u>, 497 A.2d 803, 808-09 (Md. 1985)).

The district court's analysis of whether Goodyear was the plaintiffs' employer fell short of what is required under the <u>Imbraguglio</u> test. Indeed, Goodyear concedes that the order awarding it summary judgment must be reconsidered in light of this new decision. <u>See</u> Appellee's Br. at 10-11. Accordingly, the judgment of the district court is vacated, and the case is remanded for further proceedings in light of <u>Imbraguglio</u>.*

<u>VACATED AND REMANDED</u>

_____

*The plaintiffs claim that the chief judge of the District of Maryland (who recused himself from the outset), Judge Smalkin, and the active judges of that district meeting en banc (without the chief judge and Judge Smalkin) all acted improperly to arrange the assignment of this case to Judge Smalkin. The plaintiffs ask that we direct that the case be reassigned to a different district judge. We are quite firm in our judgment that there was nothing improper, or even suggesting an appearance of impropriety, in the assignment of this case to Judge Smalkin. We therefore refuse to order a reassignment.